**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

HENRY E. PITTMAN, *a/k/a*, *Abdus Sabury Fateen Akbary Pittman*,

                              Plaintiff,

        - v -                                             Civ. No. 1:16-CV-1464
                                                                (MAD/DJS)

JEFFERY J. LOW, *et al.*,

                              Defendants.
_____

**APPEARANCES:**                                     **OF COUNSEL:**

HENRY E. PITTMAN
Plaintiff, *Pro Se*
Columbia County Jail
85 Industrial Tract
Hudson, New York 12534

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court for review a civil rights Complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff Henry Pittman. Dkt. No. 1, Compl. Plaintiff is currently incarcerated at Columbia County Jail.[1] *See* Dkt. No. 5. Plaintiff has not paid the filing fee and submitted an Application to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App. In an Order dated February 8, 2017, the Court granted Plaintiff's IFP Application. The Court now *sua sponte* reviews Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Also before the Court is Plaintiff's Letter Motion requesting injunctive relief. Dkt. No. 6.

### I. INITIAL SCREENING

---

[1] At the time he filed his Complaint, Plaintiff was incarcerated at Greene County Jail. Dkt. No. 5.

## A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(a) & (b). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action IFP.

In reviewing a *pro se* complaint, a court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court

should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B. Summary of Complaint

The Court herein summarizes the factual allegations contained in the Complaint. On March 23, 2016, Plaintiff was at a friend's house when police officers arrived and questioned his friend. Compl. at ¶ 1. Defendant Officer Daniel Waer questioned Plaintiff and discovered that he was in possession of a small bag of marijuana, three bags allegedly containing cocaine, and various prescription pills. *Id.* at ¶ 2. A preliminary hearing was held on March 29, 2016, and Defendant Sergeant John Lyles testified that Plaintiff was in possession of cocaine. *Id.* at ¶ 3. On September 15, 2016, Plaintiff was accompanied by Defendant Public Defender Zachery Halperin to a presentation before a grand jury. *Id.* at ¶ 4. Approximately, three days later Plaintiff was indicted in County Court. *Id.*

On November 10, 2016, Defendant Halperin showed Plaintiff a lab report, which indicated that no controlled substances were identified in the plastic bag containing powder which had been in Plaintiff's possession. *Id.* at ¶ 5; *see also* Dkt. No. 1-3, Ex. B. The lab report was addressed to

Defendant David Darling, the Chief of the Catskill Police Department, and was dated November 7, 2016.  Dkt. No. 1-3, Ex. B.  Plaintiff alleges that Defendant Joseph Stanzione, the District Attorney, was aware of the negative lab result and yet the indictment charged Plaintiff with possession of cocaine.  Compl. at ¶ 6.  Plaintiff also alleges that Defendant Ronald Frascello, a lieutenant in the Catskill Police Department, conducted an investigation and was aware that Plaintiff did not possess cocaine.  *Id.* at ¶ 7.

Plaintiff further alleges that officials at Greene County Jail interfered with his ability to file his Complaint.  *See id.* at ¶¶ 8-10.  Plaintiff alleges that Defendant Superintendent Michael Spitz "attempted to delay" the filing of his Complaint by limiting his access to a notary.  *See id.* at ¶ 8 & Dkt. No. 1-3, Ex. C.  Plaintiff also alleges that Defendant Correctional Officer ("CO") Norah Ahearn refused to accept grievances concerning the interference with the filing of his Complaint and Defendant staff member Dawn Andrews refused to sign a document pertaining to Plaintiff's inmate account.  *See id.* at ¶¶ 9-10.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 "for 'the deprivation of [his] rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)).  Liberally construed, Plaintiff asserts claims for (1) malicious prosecution under the Fourth Amendment and (2) interference with his right of access to the courts.

### C. Analysis

The Court first notes that the Complaint names as Defendants Joseph Stanzione, the District Attorney, and Jeffery Low, an assistant district attorney.  "It is by now well established that a state

prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)).  Courts apply a "functional approach" in "determining whether particular actions of an official are absolutely immune from § 1983 liability." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993)).  "Absolute immunity will apply to a prosecutor's conduct that is 'intimately associated with the judicial phrase of the criminal process,' but not to a prosecutor's acts of investigation or administration." *Id.* (quoting *Buckley v. Fitzsimmons*, 509 U.S. at 270).  Here, Plaintiff's claims against the Defendants from the district attorney's office arise from his prosecution.  Specifically, Plaintiff alleges that Stanzione prosecuted him for possession of cocaine despite knowledge that Plaintiff did not in fact possess cocaine. *See* Compl. at ¶ 6. Accordingly, Stanzione and Low are entitled to prosecutorial immunity and Plaintiff's claims against them should be **dismissed with prejudice**.[2]

Next, the Court notes that Plaintiff names public defenders Angelo Scatucco and Zachery Halperin as Defendants.  Although it is unclear what claims Plaintiff seeks to assert against these Defendants—indeed, the Complaint contains no allegations against Scatucco—it is apparent that the bases for such claims arise from these Defendants' representation of Plaintiff.  In order to state a cause of action under § 1983, a plaintiff must allege that a defendant acted "under color of state

---

[2] The Court further notes that although Defendant Low is listed in the caption, the Complaint contains no allegations against him.  "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  "Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." *Cipriani v. Buffardi*, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (citation omitted); *see also Casino v. Rohl*, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (holding that plaintiff had not adequately pled personal involvement of defendant who was nowhere mentioned or referenced in the body of the amended complaint).

law." *Polk Cty. v. Dodson*, 454 U.S. 312, 315 (1981). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 324. Accordingly, the Court recommends that Plaintiff's claims against Defendants Scatucco and Halperin arising from their representation of him be **dismissed with prejudice**.

The Court next turns to Plaintiff's malicious prosecution claim. "In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment . . . and must establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010) (citations omitted). "To establish a malicious prosecution claim under New York law, a plaintiff must prove '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Id.* at 161 (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)).

Although Plaintiff's allegations are vague, and lack details of specific conduct by the Defendants, the basis of his claim appears to be that Defendants have prosecuted him for possession of cocaine despite knowledge that the substance he possessed was not cocaine. Regardless of any other pleading deficiencies, however, Plaintiff's malicious prosecution claim must be dismissed because the Complaint lacks any allegation that the prosecution against him has been terminated in his favor. As stated by the Supreme Court in *Heck v. Humphrey*,

> One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused. This requirement 'avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [sic] succeeding the tort action after

> having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'

*Heck v. Humphrey*, 512 U.S. 477, 485 (1994) (citations omitted).

It is not apparent from the Complaint whether Plaintiff's criminal prosecution is still pending. Therefore, it is recommended that his malicious prosecution claim be **dismissed**.

Finally, the Court turns to Plaintiff's claim for interference with his right of access to the courts against officials at Greene County Jail. "Prisoners, including pretrial detainees, 'have a constitutional right of access to the courts.' grounded, as relevant to prisoners, in the constitutional guarantees of equal protection and due process." *Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004) (quoting *Bounds v. Smith*, 430 U.S. 817, 821 (1977)) (other citations omitted). "In order to establish a violation of a right of access to courts, a plaintiff must demonstrate that a defendant caused 'actual injury,' *i.e.*, took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). A plaintiff must show that a "'nonfrivolous legal claim had been frustrated or was being impeded' due to the actions of prison officials." *Warburton v. Underwood*, 2 F. Supp. 2d 306, 312 (W.D.N.Y. 1998) (quoting *Lewis v. Casey*, 518 U.S. at 353).

Here, Plaintiff alleges that Superintendent Spitz "attempted to delay" Plaintiff from filing his Complaint by restricting his access to a notary. Compl. at ¶ 8. Attached to the Complaint as an Exhibit is a letter addressed to Plaintiff from Superintendent Spitz informing Plaintiff that his access to a notary would be limited due to his "abuse of the system." Dkt. No. 1-3, Ex. C. The letter states that Plaintiff had requested notary service 122 times over a thirty day period; therefore, his future requests for a notary would be reviewed to determine whether a notary was actually required. *Id.* Plaintiff's allegations fail to state a claim against Superintendent Spitz because he does not allege

that the notary restriction impeded his ability to pursue his claims. Plaintiff does not, for example, allege that he was ever denied access to a notary, or that as a result of being denied access to a notary he was unable to pursue a claim. *See Amaker v. Haponik*, 1999 WL 76798, at \*3 (S.D.N.Y. Feb. 17, 1999) (dismissing right to access claim where plaintiff did not "allege that he actually lost the claims or that he was ultimately impeded in pursuing those claims"); *Warburton v. Underwood*, 2 F. Supp. 2d at 312 (dismissing right to access claim where plaintiff "offers no facts to explain how a fourteen day delay in service prejudiced [plaintiff's] ability to seek redress from the judicial system"). Plaintiff's allegations against Defendants Ahearn and Andrews—that Ahearn refused to process his grievances and Andrews refused to sign a document relating to his inmate account—similarly fail to connect those Defendants' actions to any "actual injury," affecting his right to pursue his legal claim. Thus, the Court recommends that Plaintiff's right to access to the courts claim be **dismissed**.

Although the Court recommends that Plaintiff's Complaint be dismissed, in light of Plaintiff's *pro se* status, the Court further recommends that Plaintiff be allowed to submit an amended complaint with the exception of such claims that the Court recommends be dismissed with prejudice. If these recommendations are accepted and Plaintiff is permitted to amend his Complaint, Plaintiff is warned that the failure to submit an amended complaint could result in dismissal of this action. Plaintiff is further cautioned that no portion of prior Complaint shall be incorporated into his amended complaint by reference.

## II. PLAINTIFF'S PRELIMINARY INJUNCTION MOTION

Plaintiff seeks an injunction against Columbia County Jail[3] requiring the facility to comply with *Bounds v. Smith* 430 U.S. 817 (1977), in allowing him access to the courts. *See* Dkt. No. 6. Specifically, Plaintiff alleges that the facility has not provided him adequate stamps to mail his legal mail. *Id.*

A preliminary injunction is "'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). A party seeking a preliminary injunction must demonstrate:

> (1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party.

*Id.* (citations omitted). If an adequate remedy at law exists, such as money damages, then a preliminary injunction will not be granted unless there are extraordinary circumstances. *Id.* (citations omitted).

Here, the Court recommends that Plaintiff's Letter Motion seeking Injunctive Relief be **denied** because it seeks an injunction against Columbia County Jail, which is not named as a defendant to this action. "[E]xcept in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action." *Gantt v. Lape*, 2012 WL 4033729, at *2 (N.D.N.Y. July 31, 2012) (citing FED. R. CIV. P. 65(d) (stating that "[e]very order granting an injunction . . . binds only . . . the parties . . . and other persons who are in active concert or participation with [the

---

[3] Plaintiff also requests injunctive relief be entered against Greene County Jail for impeding his access to the courts; however, because Plaintiff has been transferred from that Greene County Jail, his claims for injunctive relief against that facility are moot. *See, e.g.*, *Pugh v. Goord*, 571 F. Supp. 2d 477, 488 (S.D.N.Y. 2008) ("Generally, it is true that a prisoner's transfer from a prison facility moots that prisoner's claim for injunctive relief against the transferring facility.").

parties]") and *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988)).

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's claims against Defendants Stanzione, Low, Scatucco, and Halperin be **DISMISSED with prejudice**; and it is further

**RECOMMENDED**, that Plaintiff's remaining claims be **DISMISSED** with leave to replead; and it is further

**RECOMMENDED**, that Plaintiff's Motion for Injunctive Relief (Dkt. No. 6) be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: February 8, 2017
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge