**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**HENRY E. PITTMAN,**
**also known as Abdus Sabury Fateen**
**Akbary Pittman,**

                    **Plaintiff,**

  vs.                                       **1:16-cv-01464**
                                                **(MAD/DJS)**

**JEFFREY J. LOW**, Assistant District Attorney;
**JOSEPH STANZIONE**, District Attorney;
**JOHN LYLES**, Sergeant at Catskill Police Dept.;
**ANGELO F. SCATUCCO**, Public Defender;
**ZACHARY P. HALPERIN**, Assistant Public
Defender; **DAVID R. DARLING**, Chief, Catskill
Police Dept.; **DANIEL WAER**, Sergeant;
**RONALD FRASCELLO**; **MICHAEL J. SPITZ**,
Superintendent; **DAVON ANDREWS**, Staff Member
and Correctional Officer; **NORAH AHEARN**,
Staff Member and Correctional Officer,

                    **Defendants.**
_____

**APPEARANCES:**                       **OF COUNSEL:**

**HENRY E. PITTMAN**
Columbia County Jail
85 Industrial Tract
Hudson, New York 12534
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On December 9, 2016, *pro se* Plaintiff Henry E. Pittman ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against eleven named Defendants. *See* Dkt. No. 1 at 2-4. On January 13, 2017, Plaintiff filed a letter motion seeking an injunction against Greene County Jail and Columbia County Jail. *See* Dkt. No. 6. On February 8, 2017, Magistrate Judge

Daniel J. Stewart issued a Report-Recommendation and Order recommending that Plaintiff's claims against certain Defendants be dismissed with prejudice, and that Plaintiff's remaining claims be dismissed with leave to replead. *See* Dkt. No. 10 at 10. Judge Stewart also recommended that Plaintiff's motion for injunctive relief be denied. *See id.* On March 13, 2017, Plaintiff filed another motion seeking injunctive relief, this time against Columbia County Jail alone. *See* Dkt. No. 14.

Currently before the Court are Plaintiff's two motions seeking injunctive relief, *see* Dkt. Nos. 6, 14, and Judge Stewart's Report-Recommendation and Order, *see* Dkt. No. 10.

## II. BACKGROUND[1]

Plaintiff is currently incarcerated at Columbia County Jail, though he was incarcerated at Greene County Jail when he filed his complaint. *See* Dkt. No. 5. Plaintiff claims that on March 23, 2016, he was at his friend's house when officers arrived and questioned his friends. *See* Dkt. No. 1 at 6. Defendant Officer Daniel Waer then questioned Plaintiff and discovered that Plaintiff possessed a small bag of marijuana, three small bags allegedly containing cocaine, and various prescription pills. *See id*. On March 29, 2016, Plaintiff attended a preliminary hearing where Defendant Sergeant John Lyles testified that Plaintiff possessed cocaine. *See id*. On September 15, 2016, Plaintiff attended a grand jury proceeding accompanied by Defendant Zachery Halperin, a public defender. *See id*. at 6-7. Plaintiff was indicted in County Court shortly thereafter. *See id.* at 7. On November 10, 2016, Plaintiff received a substance report from Defendant Halperin, which indicated that no controlled substances were found in the plastic bag containing powder that Plaintiff previously had in his possession. *See id*.; Dkt. No. 1-3 at 13.

---

[1] This background is derived from the allegations in Plaintiff's complaint. These allegations are presumed to be true only for the purposes of this motion, and do not constitute findings of fact by the Court.

2

Plaintiff claims that Defendants Joseph Stanzione, the District Attorney, and Ronald Frascello, a Catskill Police Department Lieutenant, were aware of the results of the substance report, yet the indictment still charged Plaintiff with possessing cocaine. *See* Dkt. No. 1 at 7.

Plaintiff also alleges that officials at Greene County Jail interfered with Plaintiff's ability to file his complaint. *See id.* at 7-8. Plaintiff alleges that Defendant Superintendent Michael Spitz limited Plaintiff's ability to copy materials and use a notary and that Defendant Correctional Officer Norah Ahrean refused to accept Plaintiff's grievances regarding the interference with the filing of his complaint. *See id.* Similarly, Plaintiff alleges that Defendant staff member Dawn Andrews refused to sign a document related to Plaintiff's inmate account. *See id.* at 8.

### III. DISCUSSION

**A.      Standard of Review**

When reviewing a complaint under 28 U.S.C. § 1915(e), courts are guided by the applicable requirements of the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a) "does not require 'detailed factual allegations,' . . . it demands more than an unadorned" recitation of the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (other citation omitted).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must

3

accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). Plaintiff has not filed objections in this case.

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and

4

recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

**B.      Plaintiff's Section 1983 Claims**

The Court agrees with Judge Stewart that, liberally construed, Plaintiff asserts claims for malicious prosecution under the Fourth Amendment and for interference with Plaintiff's right of access to the courts. *See* Dkt. No. 10 at 4.

At the outset, Judge Stewart correctly recommended that claims against certain Defendants should be dismissed with prejudice. As Judge Steward noted, Defendants Stanzione and Low are entitled to prosecutorial immunity. *See* Dkt. No. 10 at 5. "It is by now well established that 'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution[] is immune from a civil suit for damages under § 1983.'" *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976)) (other citations omitted). Since Plaintiff's claims against Defendants Stanzione and Low arise from Plaintiff's prosecution, Plaintiff's claims against them are dismissed with prejudice.

Similarly, Judge Stewart correctly recommended that the claims against Defendants Scatucco and Halperin should be dismissed with prejudice because the claims arise from their representation of Plaintiff. *See* Dkt. No. 10 at 6. "[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (citations omitted). Therefore, Plaintiff's claims against Defendants Scatucco and Halperin are dismissed with prejudice.

5

Judge Stewart also recommended that Plaintiff's malicious prosecution claim be dismissed. *See id.* at 6-7. To state a claim for malicious prosecution, a plaintiff must allege "'(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)) (other citations omitted). As Judge Stewart found, there are no allegations in the complaint that a prior criminal proceeding has been terminated in Plaintiff's favor. *See* Dkt. No. 10 at 6-7. Since Plaintiff has failed to allege that element, Plaintiff's claim for malicious prosecution is dismissed.

Judge Stewart also correctly recommended that Plaintiff's right of access to the courts claim be dismissed. *See id*. at 8. "In order to establish a violation of a right of access to courts, a plaintiff must demonstrate that a defendant caused 'actual injury,' *i.e.*, took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "Moreover, [plaintiffs] must show 'that a nonfrivolous legal claim ha[d] been frustrated or was being impeded' due to the action or inaction of prison officials." *Benjamin v. Kerik*, 102 F. Supp. 2d 157, 162 (S.D.N.Y. 2000) (quoting *Lewis*, 518 U.S. at 353). As Judge Stewart concluded, Plaintiff has failed to allege that any of Defendants' actions impeded or frustrated Plaintiff's ability to pursue his legal claims, and thus, Plaintiff has failed to allege an "actual injury." *See* Dkt. No. 10 at 7-8. Accordingly, Plaintiff's access to the courts claim is dismissed.

Normally, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir.

2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

As Judge Stewart correctly recommended, Plaintiff's claims against Defendants Stanzione, Low, Scatucco, and Halperin are dismissed with prejudice for the reasons explained above. However, in light of Plaintiff's *pro se* status, his remaining claims are dismissed with leave to amend.

**C.     Plaintiff's Request for Injunctive Relief**

On January 13, 2017, Plaintiff filed a letter motion requesting an injunction against Greene County Jail and Columbia County Jail. *See* Dkt. No. 6. As Judge Stewart noted, Plaintiff's transfer to Columbia County Jail moots his claim for injunctive relief against Greene County Jail. *See Lloyd v. City of New York*, 43 F. Supp. 3d 254, 269 (S.D.N.Y. 2014). Judge Stewart also correctly recommended that Plaintiff's request for an injunction against Columbia County Jail be denied because Columbia County Jail is not named as a defendant to this action. *See* Dkt. No. 10 at 9. "Except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action." *Tolbert v. Koenigsmann*, No. 9:13-cv-1577, 2015 WL 7871344, *2 (N.D.N.Y. Dec. 4, 2015) (citations omitted). On March 13, 2017, Plaintiff filed another letter seeking an injunction against Columbia County Jail. *See* Dkt. No. 14. Again, Columbia County Jail is not a named defendant in this action, and there is no indication that an injunction should be granted against a non-party in this case. Accordingly, Plaintiff's motion is denied.

**IV. CONCLUSION**

Having carefully reviewed Magistrate Judge Stewart's Report-Recommendation and Order, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Stewart's February 8, 2017 Report-Recommendation and Order (Dkt. No. 10) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motions for injunctive relief (Dkt. Nos. 6, 14) are **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 16) is **DENIED as MOOT**; and the Court further

**ORDERS** that Plaintiff's claims against Defendants Stanzione, Low, Scatucco, and Halperin are **DISMISSED with prejudice**; and the Court further

**ORDERS** that Defendants Stanzione, Low, Scatucco, and Halperin are terminated from this action; and the Court further

**ORDERS** that Plaintiff's remaining claims are **DISMISSED** with leave to amend; and the Court further

**ORDERS** that any amended complaint must be filed within **THIRTY (30) DAYS** from the date of this Order;[2] and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** from the date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case, without any additional action by this Court; and the Court further

---

[2] Any amended complaint must be a complete pleading that supersedes the original complaint in all respects and does not incorporate by reference any portion of the original complaint.

8

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 18, 2017
      Albany, New York

Mae A. D'Agostino
U.S. District Judge