**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HENRY E. PITTMAN, *a/k/a*, *Abdus Sabury Fateen Akbary Pittman*,

                      Plaintiff,

   - v -                                         Civ. No. 1:16-CV-1464
                                                       (MAD/DJS)

JEFFERY J. LOW, *et al.*,

                      Defendants.

**APPEARANCES:**                      **OF COUNSEL:**

HENRY E. PITTMAN
Plaintiff, *Pro Se*
17-A-2661
Downstate Correctional Facility
Box F
Fishkill, New York 12524

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

This matter returns to the Court for review of *pro se* Plaintiff Henry Pittman's Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Dkt. No. 19, Am. Compl. In a Report-Recommendation and Order, dated February 8, 2017, this Court reviewed Plaintiff's original Complaint, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and recommended that it be dismissed in its entirety for failure to state a claim, with leave to file an amended complaint. Dkt. No. 10, Rep.-Rec. & Order. On May 18, 2017, that recommendation was adopted by the Honorable Mae A. D'Agostino, United States District Judge. Dkt. No. 17, Mem.-Dec. & Order.

The Court stated the legal standards for review of a complaint under 28 U.S.C. §§ 1915(e)

and 1915A in its February 8, 2017 Report-Recommendation and Order and will not restate them herein.  Rep.-Rec. & Order at pp. 2-3.  Liberally construed, the Court found that Plaintiff's original Complaint raised the following claims: (1) malicious prosecution under the Fourth Amendment based upon Plaintiff's prosecution for possession of cocaine despite lab results that showed the substance was not cocaine; and (2) interference with his right of access to the courts when he was incarcerated at Greene County Jail.  *Id.* at p. 4.  The Court found that Plaintiff's allegations were legally insufficient to state either claim on the basis that, with respect to his malicious prosecution claim, Plaintiff did not allege that the prosecution against him had been terminated in his favor, and with respect to his right of access to courts claim, he did not allege that the Defendants had actually impeded his ability to pursue any legal claims.  *Id.* at pp. 6-8.

As the Court can best discern, Plaintiff's Amended Complaint restates the same set of events as the original Complaint in which Plaintiff asserts violations of his constitutional rights that occurred in connection with his prosecution for possession of cocaine, as well impediments to his pursuit of legal remedies at Greene County Jail.  *See* Am. Compl.  To the extent it can be construed to raise the same claims as the original Complaint, the Amended Complaint suffers from the same deficiencies as Plaintiff's earlier pleading.

More fundamentally, however, Plaintiff's Amended Complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense."  *Hudson v. Artuz*,

1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)).  Moreover, Rule 10 of the Federal Rules of Civil Procedure requires that a pleading set forth "its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  FED. R. CIV. P. 10(b).

Even with due deference to Plaintiff's *pro se* status, the Amended Complaint fails to comply with either of these rules.  Simply put, the Amended Complaint fails to put Defendants on notice as to what claims Plaintiff seeks to raise, what conduct by the Defendants is the basis of those claims, and what relief Plaintiff seeks.

Accordingly, the Court recommends that Plaintiff's Amended Complaint be **dismissed** pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Amended Complaint (Dkt. No. 19) be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e) and 1915A; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL**

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

**PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   July 31, 2017
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge