UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

HENRY E. PITTMAN,
also known as Abdus Sabury Fateen
Akbary Pittman,

                              Plaintiff,

       vs.                                                   1:16-cv-01464
                                                             (MAD/DJS)

JEFFREY J. LOW, et al.,

                              Defendants.

_____

APPEARANCES:                              OF COUNSEL:

HENRY E. PITTMAN
Columbia County Jail
85 Industrial Tract
Hudson, New York 12534
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

       On December 9, 2016, *pro se* Plaintiff Henry E. Pittman ("Plaintiff") filed a complaint

pursuant to 42 U.S.C. § 1983 ("Section 1983") against eleven named Defendants.  *See* Dkt. No. 1

at 2-4.  In addition, Plaintiff filed an application to proceed *in forma pauperis* ("IFP").  *See* Dkt.

No. 2.  On May 18, 2017, the Court adopted, in its entirely, Magistrate Judge Daniel J. Stewart's

February 8, 2017 Report-Recommendation and Order in which it was recommended that

Plaintiff's claims against Defendants Low, Stanzione, Scatucco, and Halperin be dismissed with

prejudice, and that Plaintiff's remaining claims be dismissed with leave to replead.  *See* Dkt. No.

10 at 10.  Specifically, the Court dismissed Plaintiff's claim for malicious prosecution because

there was no allegation that the prosecution had been terminated in Plaintiff's favor.  *See* Dkt. No.

17 at 6.  In addition, Plaintiff's claim for violation of the right to access courts was dismissed

because there was no allegation of an actual injury.  *See id.*

On June 15, 2017, Plaintiff amended his complaint.  *See* Dkt. No. 19.  On July 31, 2017,

Magistrate Judge Stewart issued a second Report-Recommendation and Order in which he

recommended the complaint be dismissed under 28 U.S.C. §§ 1915(e) and 1915A because

Plaintiff had not cured the deficiencies found by the Court in his original complaint.  *See* Dkt. No.

22.  Further, Magistrate Judge Stewart found that Plaintiff failed to comply with Rules 8 and 10

of the Federal Rules of Civil Procedure.  *See id.*

A court may grant a motion to proceed *in forma pauperis* ("IFP") if the party is "unable to

pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).  When a plaintiff seeks

to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the

action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28

U.S.C. § 1915(e)(2)(B).  "Although, the court has the duty to show liberality towards pro se

litigants, . . . there is a responsibility on the court to determine that a claim has some arguable

basis in law before permitting a plaintiff to proceed with an action in forma pauperis."  *Moreman

v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted); *see*, *e.g.,*

*Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has

the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a party need only present a claim that is

"plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (citation omitted). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned" recitation of the alleged misconduct. *Id.* (citations and quotation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

When a party files specific objections to a magistrate judge's order and report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial

review of the point" (citation omitted)).  A *pro se* litigant must be given notice of this rule; notice

is sufficient if it informs the litigant that the failure to timely object will result in the waiver of

further judicial review and cites pertinent statutory and civil rules authority.  *See Frank v.*

*Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d

15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and

recommendation does not waive his right to appellate review unless the report explicitly states

that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1)

and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Magistrate Judge Stewart provided Plaintiff adequate notice that he

was required to file any objections to the Report-Recommendation and Order, and informed him

that failure to object to any portion of the report would preclude his right to appellate review.  *See*

Dkt. No. 22 at 3-4.  Specifically, Magistrate Judge Stewart informed Plaintiff that "**FAILURE**

**TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of*

*Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1);  Fed. R.

Civ. P. 72. & 6(a)."  *See id.*  Therefore, Magistrate Judge Stewart clearly provided Plaintiff with

sufficient notice of the consequences of failing to object to the Report-Recommendation and

Order.  In addition, Plaintiff has requested and the Court has granted multiple requests to extend

the time to file objections, but Plaintiff has failed to do so.  *See* Dkt. Nos. 24, 26, 28, 30, 32.

As Magistrate Judge Stewart correctly found, Plaintiff's Amended Complaint merely

restates the same set of events contained in the original Complaint without addressing the

deficiencies in his claims identified by the May 18, 2017 Court's Order.  *See* Dkt. No. 17.  As for

the malicious prosecution claim, Plaintiff must show: "'(1) the initiation or continuation of a

4

criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)) (other citations omitted).  In this case, Plaintiff has not alleged that the prosecution against him has been terminated in his favor.  *See* Dkt. No. 19.

As for the violation of the right to access courts, "a plaintiff must demonstrate that a defendant caused 'actual injury,' *i.e.*, took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'"  *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).  "Moreover, [plaintiffs] must show 'that a nonfrivolous legal claim ha[d] been frustrated or was being impeded' due to the action or inaction of prison officials."  *Benjamin v. Kerik*, 102 F. Supp. 2d 157, 162 (S.D.N.Y. 2000) (quoting *Lewis*, 518 U.S. at 353).  In this case, again, Plaintiff has failed to allege an actual injury. *See* Dkt. No. 19.  Therefore, Magistrate Judge Stewart correctly concluded that Plaintiff failed to allege a plausible cause of action.

Further, Magistrate Judge Stewart correctly found that Plaintiff's Amended Complaint is not in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Plaintiff's Amended Complaint does not provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In addition, Plaintiff's Amended Complaint does not give proper notice to Defendants of what the claims are.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that Federal Rule of Civil Procedure 8(a)(2) requires the complaint "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests'").  Further, the Amended Complaint does not set "its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).

Having carefully reviewed Magistrate Judge Stewart's Report-Recommendation and Order, Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 22) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Amended Complaint (Dkt. No. 19) is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 26, 2018
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

6